**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **JOHNNY NEWTON, JR., #04085671,** | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:06-CV-0171-B |
| | ) | ECF |
| **DALLAS COUNTY, TEXAS, et al.,** | ) | |
| Defendants. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a civil rights complaint brought by a county inmate pursuant to 42 U.S.C. § 1983.

Parties: Plaintiff is presently incarcerated at the Dallas County Jail in Dallas, Texas.

Defendants are Dallas County, the Dallas County Police Department, the Dallas County Hospital District, the University of Texas Medical Branch, the Dallas County Medical Department, Detective Crum, and the Dallas County Prosecution, including Assistant District Attorneys Galin and Sweet.

The Court did not issue process in this case, pending preliminary screening. On February 14, 2006, the Court issued a questionnaire to Plaintiff, who filed his answers on March 30, 2006.

Statement of Case: The complaint and answers to the questionnaire are very difficult to

understand. The gist of Plaintiff's complaint is the denial of medical care at the time of his arrest on November 23, 2004, and during his pre-trial detention at the Dallas County Jail from November 24, 2004, until the filing of the complaint on January 26, 2006. Plaintiff alleges that on the date of his arrest he "was in pain head to toes" and needed "emergency medical attention" as a result of being beaten, kidnaped and tortured for over twelve hours in the trunk of a car two sizes too small for his body. (Answer to Questions 6 and 8, and Complaint at 4). Following Plaintiff's arrest and the giving of a statement, Detective Crum failed to provide any medical attention or bring him to the hospital as she had promised. Upon his incarceration at the Dallas County Jail, Plaintiff's medical condition continued to be ignored. Defendants allegedly failed to provide proper medical attention except for giving him "pills" that have not helped his condition.

In addition to complaining about his medical condition, Plaintiff challenges his criminal prosecution and subsequent conviction for murder on December 2, 2005, in Judicial District Court No. 2, in Cause No. F04-58572. He alleges that he was the victim of a kidnaping and beating and that he acted in self defense. (Complaint at 4 and Answer to Question 1).

In answer to the magistrate judge's questionnaire, Plaintiff specifies that he is seeking only monetary relief for the mental and physical pain that he has endured since his arrest. (Complaint at 4 and Answer to Question 24 and attachments to questionnaire).

<u>Findings and Conclusions</u>: The Court has permitted Plaintiff to proceed *in forma pauperis* (IFP). His complaint is, thus, subject to screening under 28 U.S.C. § 1915A, which imposes a screening responsibility on the district court. Section 1915A reads in pertinent part as follows:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which <u>a prisoner</u> seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

28 U.S.C. § 1915A(a) and (b) (emphasis added).  <u>See also</u> 28 U.S.C. § 1915(e)(2)(B).[1]

Sections 1915A(b), 1915(e)(2)(B), and 1997e(c) provide for *sua sponte* dismissal if the Court finds that the complaint is "frivolous" or that it "fails to state a claim upon which relief may be granted."  A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989).  A complaint fails to state a claim upon which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief.  <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957).[2]

---

[1] Insofar as Plaintiff challenges the conditions of confinement at the Dallas County Jail, 42 U.S.C. § 1997e(c)(1) is also available at the screening stage.  It provides that "[t]he court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief."

[2] While exhaustion of administrative remedies is mandatory, <u>see</u> 42 U.S.C. § 1997e(a), Plaintiff may have alleged sufficient inadequacies in the grievance procedure at the Dallas County Jail to pass screening.  (<u>See</u> Answer to Questions 22-23).
   The Court notes that Plaintiff has improperly joined unrelated claims against different defendants under Rule 20(a), of the Federal Rules of Civil Procedure.  Since Plaintiff's claims lack an arguable basis in law as set out more fully below, the Court need not determine in the first instance whether any claim against a party should be severed and proceeded with separately. <u>See</u> Fed. R. Civ. P. 21.

1.      Medical Care Claims

To state a colorable claim for the denial of medical care under the Eighth Amendment, convicted inmates must allege acts or omissions "sufficiently harmful to evidence a deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976).  Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind.  Id. at 105-06, 97 S. Ct. at 291-92; Norton v. Dimazana, 122 F.3d 286, 291 (5th Cir. 1997).  It occurs only when a prison official subjectively knows of and disregards a substantial risk to the inmate's health or safety.  Farmer v. Brennan, 511 U.S. 825, 837-840 (1994).  Under the Due Process Clause of the Fourteenth Amendment, the same standard applies to pretrial detainees who complain of episodic acts or omissions resulting in the denial of medical care.  Wagner v. Bay City, Tex., 227 F.3d 316, 324 (5th Cir.2000); Olabisiomotosho v. City of Houston, 185 F.3d 521, 526 (5th Cir. 1999); Hare v. City of Corinth, Miss., 74 F.3d 633, 650 (5th Cir. 1996).  "[T]here is no significant distinction between pretrial detainees and convicted inmates concerning basic human needs such as medical care.  Gibbs v. Grimmette, 254 F.3d 545, 548 (5th Cir. 2001).[3]

Accepting as true Plaintiff's allegations as to the denial of medical care for his pre-existing medical condition, he has failed to raise a claim cognizable under § 1983.  Plaintiff offers no facts showing deliberate indifference to a serious medical need at the time of his arrest and during his pre-trial detention at the Dallas County Jail.  Plaintiff's allegations focus entirely on general body pains, the failure to provide any medical attention other than for unspecified

---

[3]     It appears Plaintiff was a pre-trial detainee with respect to the murder charge until his conviction on December 5, 2005.

"pills," and the refusal to schedule an appointment with a bone specialist. (Answer to Questions 11-12 and 18).

Plaintiff states "he was in excruciating and severe pains" and "could not stand-up at all" immediately following his release from his kidnappers, which he claims lasted more than 12 hours and involved being locked in a very small trunk of a car. (Answer to Question 9). At the time of his book-in at the Dallas County Jail, Plaintiff alleges he suffered from "anxiety, paranoid [sic] and extreme body pains . . . . from head to toe." (Answer to Question 10). According to Plaintiff, this body pain continues to the day of the filing of the questionnaire, sixteen months after his arrest. (Answer to Question 12). He states that "[j]ust to stand-up and walk today is a painful job[,] from my lower mid-back to both of [his] feet is excruciating and severe pain today without those pills, they give me sometimes." (Id.). He points to pain in his "back, waist, hips, legs, knees, ankles and . . . feet" as a result of the kidnaping and torture that he endured in November 2004. (Id.).

The complaint and answers to the questionnaire are devoid of any allegation that Plaintiff suffered from a serious injury -- i.e., a broken bone or an open wound -- that needed immediate medical attention. Under these circumstances, complaints of general body pain do not amount without more to a sufficiently serious medical need. Moreover, Plaintiff concedes being given pills to control pain. Therefore, Plaintiff's claims of denial of medical care at the time of his arrest and during his pre-trial detention at the Dallas County Jail lack an arguable basis in law and should be dismissed with prejudice as frivolous.

The Court further notes that Plaintiff has failed to allege a sufficient physical injury under 42 U.S.C. § 1997e(e) to sustain a claim for damages. See 42 U.S.C. § 1997e(e); Harper v.

5

Showers, 174 F.3d 716, 719 n. 5 (5th Cir. 1999).  Section 1997e(e) provides that "[n]o federal civil action may be brought by a prisoner . . . for mental or emotional injury suffered while in custody without a prior showing of physical injury."  The "'physical injury' required by § 1997e(e) 'must be more than de minimus [sic], but need not be significant.'"  Harper v. Showers, 174 F.3d 716, 719 (5th Cir. 1999) (quoting Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997)) (alteration in original).

As noted above Plaintiff complains generally of body pain at the time of his arrest and during his pre-trial detention.  Such an allegation amounts at the most to a de minimis physical injury, which is insufficient to support a claim for damages.

2.    Prosecution and Conviction for Murder

Any claims for monetary damages against Dallas County Prosecution and Assistant District Attorneys Galin and Sweet for prosecuting the murder case against Plaintiff are barred by the doctrine of absolute immunity.  A district attorney is absolutely immune in a civil rights suit for any action taken pursuant to his/her role as prosecutor in preparing for the initiation of judicial proceedings and in presenting the State's case.  See Kalina v. Fletcher, 522 U.S. 118, 129 (1997); Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976); Esteves v. Brock, 106 F.3d 674, 676 (5th Cir. 1997).[4]

---

[4] "Despite the applicability of Heck v. Humphrey, 512 U.S. 477 (1994) [as set out more fully below], a district court may appropriately consider the possible applicability of the doctrine of absolute immunity as a threshold matter in making a section 1915(d) determination." Krueger v. Reimer, 66 F.3d 75, 76 (5th Cir. 1995) (citing Boyd v. Biggers, 31 F.3d 279, 284 (5th Cir.1994)); see also Littles v. Board of Pardons and Paroles Div., 68 F.3d 122, 123 (5th Cir. 1995) (even if a complaint is subject to dismissal under Heck, it remains appropriate for district courts to resolve the question of immunity before reaching the Heck analysis).

Even assuming Plaintiff's claims were not barred by absolute immunity, they would impugn on the validity of his murder conviction. In <u>Heck v. Humphrey</u>, 512 U.S. 477, 486-87 (1994), the Supreme Court stated:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, [footnote omitted] a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

The <u>Heck</u> Court unequivocally held that unless an authorized tribunal or executive body has overturned or otherwise invalidated the plaintiff's confinement, his claim "is not cognizable under [section] 1983." <u>Id.</u> at 487.

The main focus of Plaintiff's allegations is that he was unlawfully indicted and convicted for murder. He alleges he was the victim; he was kidnaped and brutally beaten, thus justifying the actions that he took in self defense. If proved, this claim would call into question the validity of Plaintiff's murder conviction for which he was sentenced to fifty years imprisonment.

In answer to the questionnaire, Plaintiff confirms that he has not satisfied the favorable termination requirement set out in <u>Heck</u>. (Answer to Question 2). He concedes that a direct criminal appeal is presently pending before the Fifth District Court of Appeals at Dallas, <u>Newton v. State</u>, Cause No. 05-06-00107-CR. (<u>Id.</u>). Therefore, Plaintiff is precluded from maintaining a claim under § 1983 at the present time. The District Court should dismiss Plaintiff's claim for monetary damages against the prosecutors in his criminal case with prejudice as frivolous to its being asserted again until the <u>Heck</u> conditions are met. See <u>Johnson v. McEleveen</u>, 101 F.3d 423, 424 (5th Cir. 1996) (noting that the preferred way to dismiss a

claim for monetary damages barred by Heck should read as follows: Plaintiffs claims are dismissed with prejudice to their being asserted again until the Heck conditions are met."); Hamilton v. Lyons, 74 F.3d 99, 102 (5th Cir. 1996) (noting that a § 1983 claim which falls under the rule in Heck is legally frivolous); see also Marts v. Hines, 117 F.3d 1504, 1506 (5th Cir. 1997) (holding that dismissals as frivolous or malicious under 28 U.S.C. § 1915(e)(2) should be deemed to be dismissals with prejudice unless the district court specifically dismisses without prejudice).[5]

RECOMMENDATION:

For the foregoing reasons, it is recommended that Plaintiff's complaint be dismissed with prejudice as frivolous and for seeking monetary relief against defendants who are immune from such relief. See 28 U.S.C. §§ 1915A(b)(1) and (2) and 1915(e)(2)(B)(i) and (iii). Alternatively, Plaintiff's claim against Defendants Dallas County Prosecution and Assistant District Attorneys Galin and Sweet should be dismissed with prejudice as frivolous to its being asserted again until

---

[5] In Clarke v. Stalder, 154 F.3d 186, 190-191 (5th Cir.1998) (en banc), the Fifth Circuit held that a claim for prospective injunctive relief that would imply the invalidity of a prisoner's conviction may be dismissed without prejudice subject to the rule of Heck v. Humphrey. But see Williams v. Cleer,123 F. Appx. 591, *593 (5th Cir. 2005) (unpublished per curiam) (following Stadler and dismissing damages claim as barred by Heck without prejudice to refiling at such time as the conviction or imprisonment has been expunged, reversed or otherwise set aside).

the Heck conditions are met.  See 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i).

A copy of this recommendation will be mailed to Plaintiff.

Signed this 5th day of July, 2006.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE
In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation.  Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.